# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:08cv378

| | |
|---|---|
| MANUELA SCHULER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| BRANCH BANKING & TRUST CO., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for a New Trial. [Doc. 63]. The Court held a hearing on this motion on March 25, 2010.

The Plaintiff Manuela Schuler moves the Court pursuant to Federal Rule of Civil Procedure 59(a) for a new trial. For grounds, the Plaintiff states that two days after the jury verdict was rendered in this case, Plaintiff's counsel was contacted by William H. Sites, a juror who served in this matter. After obtaining permission from the Court, Plaintiff's counsel conferred with Mr. Sites about the case. The Declaration of Mr. Sites is submitted in support of the Plaintiff's Motion. [Doc. 63-1]. In his Declaration, Mr. Sites explains that he and other members of the jury believed that the Plaintiff was suffering from pancreatic cancer at the time her employment with the Defendant ended, but

that based on the jury instructions given, the jury could not find that the Plaintiff had a "serious health condition" as that term was defined in the jury instructions. Based on Mr. Sites' testimony, the Plaintiff argues that the jury was confused by the lengthy and complex jury instructions given, and that because of such confusion the Plaintiff should be granted a new trial. [Doc. 63].

As an initial matter, the Court notes that the Declaration upon which the Plaintiff relies in support of her Motion is not admissible. Rule 606(b) of the Federal Rules of Evidence provides, in relevant part, that "a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith." Fed. R. Evid. 606(b). A juror may be permitted to testify only with regard to "(1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form." Id.

Mr. Sites' Declaration is precisely the type of evidence that Rule 606(b) was designed to prohibit. Mr. Sites' Declaration contains his thoughts about certain facts presented at trial and his opinions about the nature of the jury instructions given, as well as his and other jurors' mental processes in deliberation. Nothing in his Declaration refers to any extraneous prejudicial information, outside influence or mistake in entering the verdict. As such, this Declaration is inadmissible and shall not be further considered by the Court.

Aside from Mr. Sites' Declaration, the only other basis for the Plaintiff's Motion is the Plaintiff's argument that the jury instructions given in this case were confusing to the jury. The Plaintiff, however, did not object to the Court's jury instruction as to the term "serious health condition" when given the opportunity to do so outside the presence of the jury and before the instructions were delivered. Failure to object to issues relating to jury instructions results in a waiver of those objections for the purposes of a motion for new trial and appeal. See City of Richmond v. Madison Mgmt. Group, Inc., 918 F.2d 438, 453-54 (4th Cir. 1990); Fed. R. Civ. P. 51.

Furthermore, the Plaintiff concedes that the jury instructions correctly track the applicable regulations under 29 C.F.R. § 825.114(a) (2008). In fact, the instruction as to the term "serious health condition" that was given to the

3

jury is substantially similar to the instruction proposed by the Plaintiff herself. [See Doc. 41]. "If the instructions correctly state the law and adequately cover the issues in the case, the charge is sufficient." Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1164 (4th Cir. 1986).

For these reasons, the Plaintiff's request for a new trial will be denied.

**IT IS, THEREFORE, ORDERED** that the Declaration of William H. Sites is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for a New Trial [Doc. 63] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 25, 2010

Martin Reidinger
United States District Judge